# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLY BELTRAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-7454-RBK-EAP |
| Plaintiff, | |
| v. | |
| SOS LIMITED, YANDAI WANG, and ERIC H. YAN, | **CLASS ACTION** |
| Defendants. | |

**DECLARATION OF MARGERY CRAIG CONCERNING:**
**(A) CAFA NOTICE; (B) MAILING OF THE POSTCARD NOTICE;**
**(C) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(D) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Margery Craig, declare as follows:

1.      I am a Project Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over fifteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred twenty-five (525) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF CAFA NOTICE**

2.      At the request of Defendants' Counsel, and separate from our engagement as Claims Administrator, on June 10, 2022, SCS mailed a notice of stipulated class action settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), to the appropriate federal and state officials, by certified return receipt through the United States Postal Service. The mailing consisted of: (i) a letter regarding the Settlement approved by Defendants' Counsel describing the mailing (the "CAFA Letter"); and (ii) a CD-ROM

containing copies of the documents referenced in the CAFA Letter.  Attached as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

**MAILING OF THE POSTCARD NOTICE**

3.     Pursuant to the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement, dated July 20, 2022 (Dkt. No. 47, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

4.     SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim") for the DTC to publish on its Legal Notice System ("LENS") on August 1, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim is attached as **Exhibit B**.

5.     As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated May 20, 2022 (Dkt. No. 43, the "Stipulation").

2

proprietary master list consisting of 834 banks and brokerage companies ("Nominee Account Holders"), as well as 977 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On August 1, 2022, SCS caused a letter to be mailed or e-mailed to the 1,811 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 10 calendar days from the date of the letter, either send the Postcard Notice or email the link to the location of the Notice and Claim on the settlement webpage to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to the location of the Notice and Claim on the settlement webpage.  A copy of the letter sent to these nominees is attached as **Exhibit C.**

6.      To provide actual notice to those persons and entities that purchased SOS Limited ("SOS") American Depositary Shares ("ADSs") from July 22, 2020 through February 26, 2021, both dates inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. **Exhibit D** is a copy of the Postcard Notice.

7.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 49,594 names and addresses of potential Settlement Class Members received from individuals or nominees requesting that a Postcard Notice be mailed by SCS, SCS received a request from one nominee for 28,130 Postcard Notices so that the nominee could forward them to their customers, SCS, and SCS received notification from four nominees that they mailed the Postcard Notices to

104 of their customers.  To date, 77,828 Postcard Notices have been mailed to potential Settlement Class Members.[2]

8.      Additionally, SCS was notified by a nominee that they emailed 125,855 of their clients to notify them of this settlement and provided the link to the location of the Notice and Claim on the settlement webpage, and SCS also received 1,323 email addresses from Plaintiffs' Counsel to email the link to the location of the Notice and Claim on the settlement webpage.

9.      In total, 205,006 potential Settlement Class Members were notified either by mailed Postcard Notice or emailed the link to the location of the Notice and Claim on the settlement webpage.

10.      Out of the 77,828 Postcard Notices mailed, 1,493 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 207, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 1,286 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 642 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

11.      Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was published once electronically on *Globe Newswire* and in print once in the *Investor's Business Daily* on August 15, 2022, as shown in the confirmations of publication attached hereto as **Exhibit E.**

---

[2] SCS received 28 requests from potential Settlement Class Members for the Notice and Claim to be mailed to them.  SCS immediately mailed the Notice and Claims to the potential Settlement Class Members.

## TOLL-FREE PHONE LINE

12.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement as well as request the Notice and Claim to be mailed to them. SCS has promptly responded to each telephone inquiry and to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

13.     On August 1, 2022, SCS established a webpage on its website at www.strategicclaims.net/sos/. The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; the online claim filing link; and important case documents such as the Notice and Claim, the Preliminary Approval Order, and the Stipulation with exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

14.     The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to SCS such that they are received no later than November 8, 2022.  SCS has been monitoring all mail delivered for this case.  To date, SCS has received two invalid exclusion requests. Neither exclusion request provided the information and documentation required under the Preliminary Approval Order and set forth in the Notice. SCS mailed and emailed a notice to these two potential Settlement Class members whose exclusion requests required additional information/documentation explaining what further information and documentation is required and provided an opportunity to cure the deficient request. To date, SCS has not received any response to these notices. Copies of the two invalid requests for exclusion are attached hereto as **Exhibit F**.

5

15.     According to the Notice and Summary Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or to Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiffs must be submitted to Plaintiffs' Counsel and Counsel for Defendants, as well as filed with the Clerk of the Court, no later than November 8, 2022.  As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objection was submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of November 2022, in Media, Pennsylvania.


Margery Craig
Margery Craig




## Strategic Claims Services

Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

June 10, 2022

**VIA CERTIFIED MAIL**

Steve Marshall
Office of the Attorney General
PO Box 300152
Montgomery, AL 36130-0152

RE:     Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear Sir or Madam:

Strategic Claims Services has been retained to administer the proposed class action settlement in a federal securities lawsuit pending in the United States District Court for the District of New Jersey entitled *Beltran v. SOS Limited, et al.*, Case No. 1:21-cv-07454-RBK-MJS.  The court-appointed Lead Plaintiffs in *Beltran* filed a motion for preliminary approval of a class action settlement on June 6, 2022.   In compliance with Section 1715 of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711–1715 (CAFA), this letter is to advise you of that proposed class action settlement.  As of this writing, the Court has not yet ruled on the motion for preliminary approval.

The Defendants deny any and all wrongdoing, deny any liability to Lead Plaintiff or the proposed settlement class, and deny that Lead Plaintiff and the proposed class members have suffered any damages attributable to the Defendants' actions.

In compliance with Section 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original Complaint filed in the action is provided on the enclosed CD ROM.  The original Complaint is the operative complaint; no amended complaint was filed prior to the parties reaching a proposed settlement.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** The Court has not scheduled a hearing on preliminary approval, or for final approval, as of this writing.  Purely as an administrative matter, the court's docketing system set the motion for July 5, 2022, but the same order noted that unless the court notifies the parties otherwise, no hearing will occur on that date and the motion will be decided on the papers alone.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Notice* is enclosed on the CD ROM entitled *"Ex. A-1 – Long Notice"* as well as the *"Ex. A-4 – Postcard Notice"* and *"Ex. A-3 – Summary Notice".*

4.  **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement:** A copy of the parties' *Stipulation of Settlement* with Exhibits is provided on the enclosed CD ROM.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** The parties also contemporaneously agreed to a confidential Supplemental Agreement, which is referenced in the Stipulation of Settlement and which was not filed with the Court.  As described in the Stipulation, and as is customary in securities class action settlements, the purpose of the confidential Supplemental Agreement is to provide the Defendants with the option to terminate the Settlement if timely requests for exclusion from the class are submitted by eligible class members who/that meet the conditions set forth in the Supplemental Agreement.   The Supplemental Agreement remains confidential and has not been included with the enclosed materials.  The parties represent that the threshold for termination is consistent with standard practices in securities class actions in the District of New Jersey and will provide your office with a copy of the Supplemental Agreement upon request.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, no Final Judgment has been issued by the Court.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7)(A), CAFA also requires a defendant, "if feasible," to provide the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.  Because most of the securities at issue are held in "street name," it is not feasible to provide the names of class members who reside in each state, or to provide the estimated proportionate share of the claims of such members to the settlement.   For the same reason, it is not feasible to provide a reasonable estimate of the number of class members residing in each state or the estimated proportionate share of the claims of such members to the settlement.

If for any reason, you believe the enclosed information does not fully comply with Section 1715, please contact the Counsel for Defendants identified below, to address any concerns or questions that you may have.

> **Counsel for Defendants**
> FAEGRE DRINKER BIDDLE & REATH, LLP
> Jeffrey S. Jacobson, Esq.
> Sandra D. Grannum, Esq.
> 600 Campus Drive
> Florham Park, NJ 07932
> Jeffrey.Jacobson@faegredrinker.com
> Sandra.Grannum@faegredrinker.com

Sincerely,

Strategic Claims Services

By:  Matthew Shillady
Title: Director of Operations

Enclosure – CD ROM

600 North Jackson Street • Suite 205 • Media, PA 19063

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLY BELTRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SOS LIMITED, YANDAI WANG, and ERIC H. YAN, <br><br> Defendants. | Civil Action No. 1:21-cv-7454-RBK-EAP <br><br><br> **CLASS ACTION** |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased SOS Limited ("SOS") American Depositary Shares ("ADSs") from July 22, 2020, through February 26, 2021, both dates inclusive (the "Settlement Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide five million dollars ($5,000,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased SOS ADSs during the Settlement Class Period ("Settlement Class Members").

- The Settlement represents an estimated average recovery of $0.06 per share for the approximately of 88.2 million damaged shares of SOS ADSs during the Settlement Class Period as estimated by Lead Plaintiffs' damages expert. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold SOS ADSs, and the total number of claims filed. Attorneys for Lead Plaintiffs ("Plaintiffs' Counsel") will ask the Court to award them attorneys' fees of up to $1,666,666.67 (*i.e.* one-third of the Settlement Amount) plus interest, reimbursement of no more than $33,000 in litigation expenses, and an Award to Lead Plaintiffs of $10,000 in total. If approved by the Court, these amounts (totaling an average of $0.02 per damaged share of SOS ADSs) will be paid from the Settlement Fund.

- The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $0.04 per damaged share of SOS ADSs. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold SOS ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether SOS and certain of its officers and directors, Yandai Wang and Eric H. Yan, (collectively "Defendants" or the "Released Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various public statements to the investing public. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class Members have suffered damages or that Lead Plaintiffs or the Settlement Class Members were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

1

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than **November 8, 2022**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **November 8, 2022**. This is the only way you can ever be part of any other lawsuit against the Settling Defendants or the other Released Parties about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **November 8, 2022** about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Go To The Hearing** | Ask to speak no later than **November 8, 2022 in** Court about the fairness of the Settlement at the hearing on **November 29, 2022**. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| SOS Limited Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Telephone.: (866) 274-4004<br>Fax: (610) 565-7985<br>info@strategicclaims.net | **or** | Reed Kathrein<br>Wesley Wong<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 300<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Fax: (510) 725-3001<br>reed@hbsslaw.com<br>wesleyw@hbsslaw.com<br>-and-<br>Laurence M. Rosen<br>Phillip Kim<br>Yu Shi<br>THE ROSEN LAW FIRM, P.A.<br>One Gateway Center, Suite 2600<br>Newark, NJ 07102<br>Telephone: (973) 313-1887<br>Fax: (973) 833-0399<br>info@rosenlegal.com |
|---|---|---|

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated May 20, 2022 (the "Settlement Stipulation").

### COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

**1.    Why did I get this Notice?**

You or someone in your family may have acquired SOS ADSs between July 22, 2020, and February 26, 2021, both dates inclusive.

**2.    What is this lawsuit about?**

The case is known as *Beltran v. SOS Limited, et al.,* No. 1:21-cv-7454-RBK-EAP (D.N.J.) (the "Action"). The Court in charge of the case is the United States District Court for the District of New Jersey. The Action involves allegations that Defendants violated certain federal securities laws by making misrepresentations or omissions of the existence and scale of cryptocurrency mining rigs. The Complaint alleges that, in truth, SOS was a fraudulent stock promotion scheme that concealed the true nature of the company's mining rigs and certain related party transactions. The Complaint further alleges that the misstatements or omissions artificially inflated the price of SOS ADSs, and that the stock price dropped in response to certain subsequent disclosures. SOS has denied and continues to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

3

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called lead plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations and the Released Parties' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which Lead    Plaintiffs and Defendants disagree include: (1) whether the Complaint alleges statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Complaint alleges that the Defendants acted with scienter; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of SOS ADSs and (5) the amount of alleged damages, if any, that could be recovered at trial. This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or the Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Plaintiff's Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any. Even if Lead Plaintiffs were to win at trial, and also prevail on any appeal, Lead Plaintiffs might not be able to collect some, or all, of any judgment Lead Plaintiffs are awarded. Moreover, while litigation of this type is usually expensive, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of those persons, other than those identified in Question 6 below, who purchased SOS ADSs from July 22, 2020, through February 26, 2021, both dates inclusive, and were allegedly damaged thereby.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (a) Defendants; (b) the present and former officers and directors of SOS; (c) members of the immediate families of those individuals identified in (a) and (b); (d) any entity in which any Defendant has or had a controlling ownership interest at any time; and (e) the legal representatives, heirs, successors, and assigns of any such excluded parties.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, visit the website www.strategicclaims.net/SOS/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.    What does the Settlement provide?**

    **a.    What is the Settlement Fund?**

The proposed Settlement provides for Defendants to pay Five Million dollars ($5,000,000) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and any Award to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary,

and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing the Summary Notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

> **b.    What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold SOS ADSs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiffs' Counsel for attorneys' fees and expenses, and to Lead Plaintiffs to compensate them for representing the Settlement Class.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims ("Authorized Claimants").

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation does not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/SOS/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used:  (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their

5

checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit, non-sectarian organization to be agreed upon by Plaintiffs' Counsel and Defense Counsel and subject to Court approval.

### **THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I)    For ADSs purchased between July 22, 2020 and February 25, 2021, inclusive, the Recognized Loss shall be calculated as follows:

   A. For ADSs retained at the close of trading on May 26, 2021, the Recognized Loss shall be the lesser of:
   (i)    $1.03 per ADS; or
   (ii)    the difference between the purchase price per ADS and $5.02 per ADS[1].

   B. For ADSs sold on or before February 25, 2021, the Recognized Loss per ADS shall be $0.
   C. For ADSs sold between February 26, 2021 and May 26, 2021, inclusive, the Recognized Loss shall the lesser of:
   i)    $1.03 per ADS: or
   ii)    the difference between the purchase price per ADS and the average closing price per ADS as of date of sale provided in table A below.

II)    For ADSs purchased on February 26, 2021, the Recognized Loss per ADS shall be $0.

| Table A | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 2/26/2021 | $4.77 | $4.77 | | 3/29/2021 | $5.60 | $6.69 | | 4/29/2021 | $4.43 | $5.70 |
| 3/1/2021 | $6.69 | $5.73 | | 3/30/2021 | $5.01 | $6.61 | | 4/30/2021 | $4.21 | $5.67 |
| 3/2/2021 | $6.80 | $6.09 | | 4/1/2021 | $4.82 | $6.54 | | 5/3/2021 | $4.11 | $5.63 |
| 3/3/2021 | $8.17 | $6.61 | | 4/5/2021 | $4.78 | $6.47 | | 5/4/2021 | $4.06 | $5.60 |
| 3/4/2021 | $6.92 | $6.67 | | 4/6/2021 | $4.50 | $6.39 | | 5/5/2021 | $4.27 | $5.57 |
| 3/5/2021 | $6.50 | $6.64 | | 4/7/2021 | $5.78 | $6.37 | | 5/6/2021 | $3.96 | $5.54 |

---

[1]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $5.02 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on February 26, 2021 and ending on May 26, 2021.

| Table A | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 3/8/2021 | $5.50 | $6.48 | 4/8/2021 | $5.30 | $6.33 | 5/7/2021 | $3.91 | $5.50 |
| 3/9/2021 | $6.66 | $6.50 | 4/9/2021 | $5.25 | $6.29 | 5/10/2021 | $3.58 | $5.46 |
| 3/10/2021 | $6.33 | $6.48 | 4/12/2021 | $5.02 | $6.25 | 5/11/2021 | $3.62 | $5.43 |
| 3/11/2021 | $6.54 | $6.49 | 4/13/2021 | $4.80 | $6.20 | 5/12/2021 | $3.28 | $5.39 |
| 3/12/2021 | $6.63 | $6.50 | 4/14/2021 | $4.80 | $6.16 | 5/13/2021 | $3.02 | $5.34 |
| 3/15/2021 | $8.16 | $6.64 | 4/15/2021 | $4.53 | $6.11 | 5/14/2021 | $3.21 | $5.30 |
| 3/16/2021 | $7.15 | $6.68 | 4/16/2021 | $4.35 | $6.06 | 5/17/2021 | $3.26 | $5.27 |
| 3/17/2021 | $7.81 | $6.76 | 4/19/2021 | $3.97 | $6.00 | 5/18/2021 | $3.37 | $5.23 |
| 3/18/2021 | $7.50 | $6.81 | 4/20/2021 | $4.32 | $5.95 | 5/19/2021 | $3.23 | $5.20 |
| 3/19/2021 | $7.67 | $6.86 | 4/21/2021 | $4.31 | $5.91 | 5/20/2021 | $3.16 | $5.16 |
| 3/22/2021 | $6.90 | $6.86 | 4/22/2021 | $4.14 | $5.86 | 5/21/2021 | $2.97 | $5.12 |
| 3/23/2021 | $6.48 | $6.84 | 4/23/2021 | $4.33 | $5.82 | 5/24/2021 | $2.90 | $5.09 |
| 3/24/2021 | $6.09 | $6.80 | 4/26/2021 | $4.60 | $5.79 | 5/25/2021 | $2.94 | $5.05 |
| 3/25/2021 | $6.09 | $6.77 | 4/27/2021 | $4.41 | $5.76 | 5/26/2021 | $3.26 | $5.02 |
| 3/26/2021 | $6.11 | $6.74 | 4/28/2021 | $4.58 | $5.73 | | | |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in ADSs during the Settlement Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in ADSs during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of ADSs shall not be deemed a purchase, acquisition or sale of ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded ADSs are eligible purchases.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of ADSs during the time period from July 22, 2020 through and including May 26, 2021.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to

7

receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment?**

To qualify for a payment, you must fill out a Proof of Claim and Release Form. You may do so online at www.strategicclaims.net/SOS/.

If you are unable to fill out a form online, the Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/SOS/. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, **postmarked no later than November 8, 2022**, to:

SOS Limited Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

Please note that if you choose to mail a form, you will need to manually enter each transaction.

**Typically, most class members submit electronic claims. Submitting a claim by mail significantly increases the time necessary to process the claim, which both delays payments to all Settlement Class Members and reduces the amount of money that can be distributed to Settlement Class Members**.

**10.     What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the November 8, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) against Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of SOS ADSs during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of SOS ADSs during the Settlement Class Period. The specific terms of the release are included in the Settlement Stipulation.

**11.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Settling Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded

from the Settlement Class in *Beltran v. SOS, et al.,* No. 1:21-cv-7454-RBK-EAP (D. N.J.)", and (B) states the date, number of shares and dollar amount of each SOS ADS purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of SOS securities held by you as of February 26, 2021. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of SOS ADSs during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of SOS ADSs. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than November 8, 2022**, to the Claims Administrator at the following address:

SOS Limited Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Settling Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A., and Hagens Berman Sobol Shapiro LLP, as Lead Counsel, and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., as Liaison Counsel, to the Class (collectively "Plaintiffs' Counsel"), to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Plaintiffs' Counsel is provided below.

**14.    How will the lawyers be paid?**

Plaintiffs' Counsel has spent considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiff's Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third plus interest of the Settlement Amount ($1,666,666.67), reimbursement of no more than $33,000 in litigation expenses, and an Award to Lead Plaintiffs of $10,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Lead Plaintiffs, or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Beltran v. SOS, et al.,* No.1:21-cv-7454-RBK-EAP (D.N.J.). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of SOS ADSs during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than November 8, 2022**:

| Clerk of the Court | *Counsel for Lead Plaintiffs* | *Counsel for Defendants:* |
|---|---|---|
| United States District Court | Reed Kathrein | Jeffrey S. Jacobson |
| District of New Jersey | Wesley Wong | Sandra D. Grannum |
| Mitchell H. Cohen Building and | HAGENS BERMAN SOBOL | FAEGRE DRINKER BIDDLE |
| U.S. Courthouse | SHAPIRO LLP | & REATH LLP |
| 4th & Cooper Streets | 715 Hearst Avenue, Suite 300 | 1177 Avenue of the Americas, |
| Room 1050 | Berkeley, CA 94710 | 41st Floor |
| Camden, NJ 08101 | -and- | New York, NY 10036 |
| | Laurence M. Rosen | |
| | Phillip Kim | |
| | Yu Shi | |
| | THE ROSEN LAW FIRM, P.A. | |
| | One Gateway Center, Suite 2600 | |
| | Newark, NJ 07102 | |

**16.     What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.      When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **November 29, 2022, at 3:00 p.m.**, at the United States District Court, District of New Jersey, United States Courthouse, Courtroom 4D, 4th & Cooper

Streets, Camden, NJ 08101. The Court has reserved the right to hold the Settlement Hearing telephonically or by videoconference.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and    adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Lead Plaintiffs' Counsel for attorneys' fees and expenses and how much to award Lead Plaintiffs.

**18.    Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between July 22, 2020, and February 26, 2021, inclusive, you purchased, otherwise acquired, or sold SOS ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address (to the extent known) of each person or organization for whom or which you purchased such SOS ADSs during such time period (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days after receipt, mail the Postcard Notice directly to the beneficial owners of the SOS ADSs. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed or (c) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner within ten (10) days after receipt thereof. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.03 per Postcard Notice actually mailed plus postage at the current pre-sort rate used by the Claims Administrator if you decide to notify the beneficial owners directly; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; or $0.03 per email notice sent, and subject to further order of the Court. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: JULY 20, 2022

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

11

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission: November 8, 2022**

IF YOU PURCHASED OR OTHERWISE ACQUIRED SOS LIMITED ("SOS") AMERICAN DEPOSITARY SHARES ("ADSs") BETWEEN JULY 22, 2020 AND FEBRUARY 26, 2021, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD") AND SUFFERED COMPENSABLE DAMAGES THEREBY, YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE: (A) DEFENDANTS; (B) THE OFFICERS AND DIRECTORS OF THE COMPANY (AT ALL RELEVANT TIMES); (C) MEMBERS OF THE IMMEDIATE FAMILIES OF THOSE INDIVIDUALS IDENTIFIED IN (A) AND (B); (D) ANY ENTITY IN WHICH ANY DEFENDANT HAVE OR HAD A CONTROLLING INTEREST; (E) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, AND ASSIGNS OF SUCH EXCLUDED PARTIES; AND (F) PERSONS WHO FILE VALID AND TIMELY REQUESTS FOR EXCLUSION IN ACCORDANCE WITH THE COURT'S PRELIMINARY APPROVAL ORDER.)

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS CLAIM FORM BY 11:59 P.M. EST ON NOVEMBER 8, 2022 AT WWW.STRATEGICCLAIMS.NET/SOS/.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS CLAIM FORM, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN NOVEMBER 8, 2022 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

SOS Limited Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY NOVEMBER 8, 2022 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER CLAIM FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE COURT'S ORDER AND FINAL JUDGMENT UNLESS YOU EXCLUDE YOURSELF. SUBMISSION OF A CLAIM FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

SOS

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired SOS ADSs in United States domestic transactions during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase or otherwise acquire SOS ADSs during the Settlement Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Securities Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form ("Claim Form"). I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of SOS ADSs during the time period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of SOS ADSs listed below in support of my (our) claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker or tax advisor because these documents are necessary to prove and process your claim. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES AND/OR SALES OF SOS ADSs WILL CAUSE THE SETTLEMENT ADMINISTRATOR TO REJECT YOUR CLAIM**.

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated May 20, 2022 ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs,

13

SOS

executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The Claims Administrator reserves the right to request additional documentary proof regarding transactions and holdings in the Company's ADSs shares to prove and accurately process the Proof of Claim and Release Form.

12. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/SOS/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

SOS

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN SOS LIMITED ("SOS") AMERICAN DEPOSITARY SHARES ("ADSS")

**Beginning Holdings:**

A.    State the total number of shares of SOS ADSs held at the close of trading on July 21, 2020 (*must be documented*).  If none, write "zero" or "0."

| |
|---|
| |

**Purchases/Acquisitions:**

B.    Separately list each and every purchase or acquisition of SOS ADSs between July 22, 2020 and May 26, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

15

SOS

**Sales:**

C.     Separately list each and every sale of SOS ADSs between July 22, 2020 and May 26, 2021, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.     State the total number of shares of SOS ADSs held at the close of trading on May 26, 2021 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of SOS ADSs during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding. NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

16

SOS

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED NO LATER THAN NOVEMBER 8, 2022 AND MUST BE MAILED TO:**

SOS Limited Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by November 8, 2022 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll-free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form. Please notify the Claims Administrator of any change of address.

SOS Limited Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

<strong>REMINDER CHECKLIST</strong>

- o Please be sure to sign this Claim Form on page 17. If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.
- o Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.
- o Do NOT use highlighter on the Claim Form or any supporting documents.
- o If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

August 1, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SOS LIMITED ("SOS") AMERICAN DEPOSITARY SHARES ("ADSs") FROM JULY 22, 2020, THROUGH FEBRUARY 26, 2021, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are: (a) Defendants; (b) the present and former officers and directors of SOS; (c) members of the immediate families of those individuals identified in (a) and (b); (d) any entity in which any Defendant has or had a controlling ownership interest at any time; and (e) the legal representatives, heirs, successors, and assigns of any such excluded parties.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *SOS Limited Securities Litigation*<br>Civil Action No. 1:21-cv-7454-RBK-EAP<br>Claim Filing Deadline: November 8, 2022<br>Exclusion Deadline: November 8, 2022<br>Objection Deadline: November 8, 2022<br>Settlement Hearing: November 29, 2022 | Cusip Number: 83587W106 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1.  If you have no beneficial purchasers/owners, please so advise us in writing; or
2.  **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the location of the Long Notice and Proof of Claim electronically or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3.  Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4.  Request a link to the location of the Long Notice and Proof of Claim and advise us that you will be emailing the link electronically to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
*   **$0.03 per emailed Notice sent** OR
*   **$0.03 per name, address and email address** if you are providing us the records OR
*   **$0.03 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/SOS/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
SOS Limited Securities Litigation

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*A federal court authorized this notice. This*
*is not a solicitation from a lawyer.*

*You may be entitled to a payment.*
*This notice may affect your legal rights.*

*Please read it carefully.*

SOS Limited Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St.
Suite 205
Media, PA 19063

*Beltran v. SOS Limited., et al.;* Case No. 1:21-cv-7454-RBK-EAP (D.N.J.)

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*

*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/SOS/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims against SOS Limited, Yandai Wang, and Eric H. Yan. The proposed Settlement would resolve a class action lawsuit alleging that Defendants made material misrepresentations to the public about SOS Limited's business, in violation of federal securities laws, causing damage to Settlement Class Members. Defendants deny any wrongdoing.

You received this notice because you may have purchased or acquired SOS American Depositary Shares ("ADSs") from July 22, 2020 through February 26, 2021, both dates inclusive. The Settlement dismisses and releases claims against Defendants and creates a fund consisting of $5,000,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/SOS/. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: SOS Limited Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/SOS/. PROOFS OF CLAIM ARE DUE BY NOVEMBER 8, 2022 TO: SOS LIMITED SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/SOS/. If you do not want to be legally bound by the Settlement, you must exclude yourself by November 8, 2022. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by November 8, 2022. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on November 29, 2022 at 3:00 p.m. at the Court, Courtroom 4D, 4th & Cooper Streets, Camden, NJ 08101, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Fund in attorneys' fees, plus up to $33,000 in expenses, and total Award to Lead Plaintiffs of no more than $10,000 in total for litigating the case and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

EXHIBIT E

**mcraig@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, August 15, 2022 9:02 AM |
| **To:** | mcraig@strategicclaims.net |
| **Cc:** | mcraig@strategicclaims.net |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Hagens Berman Sobol Shapiro LLP |



# Release Distribution Confirmation

**Hagens Berman Sobol Shapiro LLP and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement on Behalf of Purchasers of SOS Limited American Depositary Shares – SOS**

*Cross time: **08/15/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1

# INVESTOR'S BUSINESS DAILY

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:     IBD Weekly
Address:                 12655 Beatrice Street
City, State, Zip:        Los Angeles, CA 90066
Phone #:                 310.448.6700
State of:                California
County of:               Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__, published in the city of __Los Angeles__, state of __California__, county of __Los Angeles__ hereby certify that the attached notice(s) for SOS LIMITED was printed in said publication on the following date(s):

### AUGUST 15, 2022

State of California

County of __Los Angeles

Subscribed and sworn to (or affirmed) before me on this __15th__ day of __August__, __2022__, by

_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

*This announcement is neither an offer to purchase nor a solicitation of an offer to sell Shares (as defined below). The Offer (as defined below) is made solely by the Offer to Purchase, dated August 15, 2022, and the related Letter of Transmittal, and any amendments thereto, and is being made to all holders of Shares. Purchaser (as defined below) is not aware of any state where the making of the Offer is prohibited by administrative or judicial action pursuant to any valid state statute. If Purchaser becomes aware of any valid state statute prohibiting the making of the Offer, Purchaser will make a good faith effort to comply with such statute. If, after such good faith effort, Purchaser cannot comply with such state statute, the Offer will not be made to nor will tenders be accepted from or on behalf of the holders of Shares in such state. In any jurisdiction where securities, blue sky or other laws require that the Offer be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchaser by one or more registered brokers or dealers licensed under the laws of such jurisdiction.*

**Notice of Offer to Purchase for Cash**
**Up to 2,000,000 Shares of Common Stock**
of
**THE SOUTHERN COMPANY**
at
**$74.88 Net Per Share**
by
**TRC CAPITAL INVESTMENT CORPORATION**

TRC Capital Investment Corporation, a corporation under the laws of the Province of Ontario, Canada ("Purchaser"), is offering to purchase up to 2,000,000 shares of common stock, $5 par value per share (the "Shares"), of The Southern Company, a Delaware corporation (the "Company"), at $74.88 per share, net to the seller in cash, upon the terms and subject to the conditions set forth in the Offer to Purchase, dated August 15, 2022, and in the related Letter of Transmittal (the "Offer"). The offer is not conditioned upon the tender of any minimum number of Shares.

**THE OFFER, PRORATION PERIOD AND WITHDRAWAL RIGHTS WILL EXPIRE AT 12:01 A.M., NEW YORK CITY TIME, ON SEPTEMBER 14, 2022, UNLESS THE OFFER IS EXTENDED OR EARLIER TERMINATED.**

Shares tendered pursuant to the Offer may be withdrawn at any time prior to 12:01 a.m., New York City time, on September 14, 2022, (the "Expiration Date") unless the Offer is extended, and, if not yet accepted for payment by the Purchaser, may also be withdrawn after September 26, 2022.

If more than 2,000,000 Shares are validly tendered prior to the Expiration Date and not properly withdrawn, the Purchaser will, upon the terms and subject to the conditions of the Offer, accept for payment and pay for only 2,000,000 Shares on a pro rata basis, with adjustments to avoid purchases of fractional Shares.

The information required to be disclosed pursuant to the Securities Exchange Act of 1934, as amended, is contained in the Offer to Purchase and is incorporated herein by reference.

The Offer to Purchase and the related Letter of Transmittal and other relevant materials will be mailed upon request to record holders of Shares and furnished to brokers, dealers, banks, trust companies and similar persons whose names, or the names of whose nominees, appear on the Company's shareholder list or, if applicable, who are listed as participants in a clearing agency's security position listing, for subsequent transmittal to beneficial owners of Shares.

**The Offer to Purchase and Letter of Transmittal contain important information which should be read before any decision is made with respect to the Offer.**

Requests for copies of the Offer to Purchase, the Letter of Transmittal and all other tender offer materials may be directed to the Information Agent, as set forth below, and copies will be furnished promptly. Questions or requests for assistance may be directed to the Information Agent.

*The Information Agent for the Offer is:*
**CNRA FINANCIAL SERVICES INC.**
101 St. Clair Avenue West, Suite 1908
Toronto, Canada M4V 0A2
Call: (416) 861-9446

August 15, 2022

**UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

KIMBERLY BELTRAN, Individually and On Behalf of All Others Similarly Situated,
Plaintiff,
v.
SOS LIMITED, YANDAI WANG, and ERIC H. YAN,
Defendants.

Civil Action No.
1:21-cv-7454-RBK-EAP

**CLASS ACTION**

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SOS LIMITED ("SOS") AMERICAN DEPOSITARY SHARES ("ADSs") FROM JULY 22, 2020, THROUGH FEBRUARY 26, 2021, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of New Jersey, that a hearing will be held on November, 29 2022, at 3:00 p.m. before the Honorable Robert B. Kugler, United States Judge of the District of New Jersey, United States Courthouse, Courtroom 4D, 4th & Cooper Streets, Camden, NJ 08101 for the purpose of determining: (1) whether the proposed settlement of the claims in the above-captioned Action ("Settlement") for consideration including the sum of $5,000,000 ("Settlement Amount") should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of attorneys for Lead Plaintiffs ("Plaintiffs' Counsel") for an award of attorneys' fees of up to one-third plus interest of the Settlement Amount, reimbursement of expenses of not more than $33,000 and an incentive payment of no more than $10,000 total to Lead Plaintiffs should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated May 30, 2022 (the "Settlement Stipulation"). The Court reserves the right to hold the hearing telephonically or by videoconference.

If you acquired or otherwise acquired SOS ADSs during the period from July 22, 2020 through February 26, 2021, both dates inclusive (the "Settlement Class Period"), you are a "Settlement Class Member" and your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in SOS securities. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may download a copy from www.strategicclaims.net/SOS/ or obtain copies by contacting the Claims Administrator at: SOS Limited Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net.

If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must electronically submit a properly completed Proof of Claim by 11:59 p.m. on November 8, 2022 to the Claims Administrator, establishing that you are entitled to recovery. If you are unable to electronically submit a Proof of Claim, you may mail a Proof of Claim at your own expense. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form postmarked no later than November 8, 2022 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you want to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than November 8, 2022, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment and the releases therein entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than November 8, 2022, to each of the following:

| PLAINTIFFS' COUNSEL: | | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| Reed Kathrein | Laurence M. Rosen | Jeffrey S. Jacobson |
| Wesley Wong | Phillip Kim | Sandra D. Grannum |
| HAGENS BERMAN | Yu Shi | FAEGRE DRINKER BIDDLE & |
| Mitchell H. Cohen Building | THE ROSEN LAW | REATH LLP |
| and U.S. Courthouse | FIRM, P.A. | 1177 Avenue of the Americas, |
| 4th & Cooper Streets | One Gateway Center, | 41st Floor |
| Room 1050 | Suite 2600 | New York, NY 10036 |
| Camden, New Jersey 08101 | Newark, NJ 07102 | |

Clerk of the Court
United States District Court
District of New Jersey
Mitchell H. Cohen Building
and U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, New Jersey 08101

If you have any questions about the Settlement, you may write to or call any of Plaintiffs' Counsel:

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed Kathrein
Wesley Wong
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen
Phillip Kim
Yu Shi
One Gateway Center, Suite 2600
Newark, NJ 07102

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: July 20, 2022
BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

[The remainder of the page consists of dense mutual fund performance listing tables arranged in multiple columns, with headings: 36 Mo Performance Rating, Fund, YTD % Chg, 12Wk % Chg, 5 Yr After Tax Rtn, Net Asset Value, NAV Chg — listing funds including GrwDiscovryK, Independnck, LargeCap, First Eagle, Frank/Temp Tp A, Franklin A, Franklin Temp, FranklinAdv, Fidelity Mgmt, Gabelli, GMO Trust, Glenmede Funds, GoldmanSachs A, Hartford, Legg Mason, Oak Associates, Oakmark I, Oppenheimer A, Optimum C, Pace Funds, Parnassus, Partners, PgimInvest, PIMCO, Putnam, RBBFunds, Royce Funds, Russell Funds, Schwab Funds, SEI Portfolios, Sit Funds, Thrivent Funds, TIAA CREF Funds, UBS Pace Y, Undiscovered Mgrs, Value Line, Vanguard Admiral, Vanguard Index, Vanguard Instl, Victory Funds, Virtus Funds, Wells Fargo, William Blair A, Wilmington, Wilshire Funds, and many others.]

# SUPPORT CENTER
## Support Ticket System

09/30/2022 09:39:21 AM

# Ticket #383743

| | | | |
|---|---|---|---|
| **Status** | Completed | **Name** | Jameschoi3030 |
| **Priority** | Normal | **Email** | |
| **Department** | Claims Administrators | **Phone** | |
| **Create Date** | 09/29/2022 07:48:05 PM | **Source** | Email |

| | | | |
|---|---|---|---|
| **Assigned To** | George Allen | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | **Last Response** | 09/30/2022 09:37:47 AM |
| **Due Date** | 09/30/2022 07:48:05 PM | **Last Message** | 09/29/2022 07:48:06 PM |

**Ticket Details**

| **Case:** | SOS |
|---|---|

## SCS Contact Form: Question about a Case

| 09/29/2022 07:48:06 PM SCS Contact Form: Question about a Case | 'Amazon Reply |
|---|---|

**Reason for Contacting Us**

Question about a Case

**Please tell us what case you are inquiring about**

Beltran V. SOS Limited

**Name**

James Choi

**Email**

**Phone**

**Your Question**

Hello I do not want to be a part of this legal case. I got a physical mail today but I want to not have anything to do with it. Thank you

- James

| 09/30/2022 09:37:47 AM | George Allen |
|---|---|

# SUPPORT CENTER
### Support Ticket System

09/30/2022 09:39:21 AM

Good morning,

As indicated in the overview of your options on p. 2 of the attached Notice/Claim Form, you can **do nothing** and therefore get no payment and give up your right to bring your own individual action.

However, if you wish to exclude yourself from the Settlement:

**You cannot exclude yourself by telephone or email.**

Please see detailed information beginning at the bottom of p. 8 on how to exclude yourself from the Settlement ("11. How do I get out of the Settlement?"):

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Settling Defendants or other Released Parties on your own about the claims being released in this Settlement, **then you must take steps to exclude yourself from the Settlement.**

To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded
from the Settlement Class in Beltran v. SOS, et al., No. 1:21-cv-7454-RBK-EAP (D. N.J.)", and (B) states the date, number of shares and dollar amount of each SOS ADS purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of SOS securities held by you as of February 26, 2021. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of SOS ADSs during the Settlement Class Period; and (ii) demonstrating your status as a beneficial owner of SOS ADSs.

Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than November 8, 2022, to the Claims Administrator at the following address:


SOS Limited Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

If you have any further questions, please feel free to contact our office.


Thank you.





CARLTON
C A R D S
TGTM08-ST220A
©AGC, Inc.

Please excuse
me from i
Beltran v. SOS Ltd et al
# 1:21-cv-7454-RBK-EAP



Sincerely,
Misty Erin Williams

