# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLY BELTRAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-7454-RBK-EAP |
| Plaintiff, | (Document Filed Electronically) |
| v. | |
| SOS LIMITED, YANDAI WANG, and ERIC H. YAN, | **CLASS ACTION** |
| Defendants. | |

**DECLARATION OF REED R. KATHREIN ON BEHALF OF HAGENS BERMAN SOBOL SHAPIRO LLP CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, Reed R. Kathrein, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1.       I am a partner at Hagens Berman Sobol Shapiro LLP, Co-Lead Counsel for Lead Plaintiffs William Rodgers and Shawn Ho and the Settlement Class in the Action.[1]  I am admitted *pro hac vice* to this Court for all purposes in representing Lead Plaintiffs in the Action. I have personal knowledge of the matters set forth herein and, if called upon, I could and would completely testify thereto.

2.       My firm rendered the following services in connection with the prosecution of this Action: (a) investigated and analyzed the initial complaint; (b) prepared the motion for appointment of lead plaintiff; (c) conducted an extensive investigation, including a comprehensive review of SOS's public filings, announcements, press releases, earnings call transcripts; (d) searched and analyzed relevant analyst reports and news concerning the alleged misconducts; (e) retained and oversaw a private investigator in China to locate and interview former SOS employees and relevant third parties, and conduct site visits; (f) researched potential arguments and counter-arguments concerning Defendants' anticipated motion to dismiss and in anticipation of settlement negotiations; (g) retained and consulted with an economic expert concerning damages; (h) participated in a full-day

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation of Settlement dated May 20, 2022 (the "Stipulation") (ECF No. 43).

mediation with Hon. Jose L. Linares (ret.), which included the preparation and exchanging of detailed mediation statements; (i) engaged in additional settlement negotiations with Judge Linares and Defendants in the weeks following the mediation, culminating in Judge Linares' mediator's proposal that the Parties accepted; (j) drafted papers in support of preliminary approval of the Settlement, which the Court approved and granted preliminary approval on July 20, 2022; and (k) supervised the claims administrator on the claims administration process.

3.      My firm's work will not end with the filing of the instant motions for final approval and for attorneys' fees, reimbursement of expenses, and award to Plaintiffs; or the Court's approval of the Settlement. My firm will spend more time and resources drafting and filing the replies in support of the final approval motions, preparing for and appearing at the Settlement Fairness Hearing scheduled for November 29, 2022, assisting Settlement Class Members with submitting their claim forms, overseeing and supervising the claims process and distribution of the Settlement Fund to Settlement Class Members, and responding to Settlement Class Members' inquiries.

4.      The chart below is a summary of time expended by the attorneys and professional staff of Hagens Berman Sobol Shapiro LLP on this Action, and the lodestar calculation based on their current billing rate. The chart was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm.

- 2 -

Time spent in preparing the motion and this declaration in support of my firm's application for fees and reimbursement of expenses, and any other time related to billing or periodic time reporting, have not been included in this chart:

| Professional (Position)* | Law School Graduation Year | Hourly Rate | Hours Worked | Lodestar |
|---|---|---|---|---|
| Reed Kathrein (P) | 1977 | $950.00 | 110.40 | $104,880.00 |
| Lucas Gilmore (P) | 2007 | $800.00 | 45.40 | $36,320.00 |
| Christopher O'Hara (P) | 1993 | $700.00 | 16.00 | $11,200.00 |
| Danielle Smith (A) | 2012 | $525.00 | 14.50 | $7,612.50 |
| Wesley Wong (A) | 2016 | $500.00 | 108.00 | $54,000.00 |
| Lisa Napoleon (PL) | N/A | $300.00 | 49.40 | $14,820.00 |
| Lisa Lin (PL) | N/A | $300.00 | 5.10 | $1,530.00 |
| Kevin Naughton (I) | N/A | $275.00 | 19.00 | $5,225.00 |
| **Total** | | | **367.80** | **$235,587.50** |

* Partner (P), Associate (A), Paralegal (PL), Investigator (I)

5.    Since the beginning of this Action, my firm has performed a total of 367.80 professional work hours in the prosecution of this Action. The total lodestar amount for my firm is $235,587.50.

- 3 -

6.       Hagens Berman Sobol Shapiro LLP has expended a total of $15,716.71 in un-reimbursed expenses in connection with the prosecution of this Action broken down as follows:

| Expense Category | Amount |
|---|---|
| Mediation Fees | $7,500.00 |
| Experts and Investigators | $3,600.00 |
| Court Fees/Filing Fees | $300.00 |
| Online Services/Legal Research | $151.71 |
| Messenger/Process Service | $165.00 |
| Travel (Airfare, Hotel, Meals, Transportation)* | $4,000.00 |
| **TOTAL EXPENSES:** | **$15,716.71** |

* Includes anticipated expenses associated with attending the Settlement Hearing on November 29, 2022.

7.       The expenses set forth above are reflected in my firm's books and records. These books and records are prepared from expense vouchers, check records, and financial statements prepared in the normal course of business for my firm and are an accurate record of the expenses incurred in the prosecution of this Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 1, 2022.

*/s/  Reed R. Kathrein*
Reed R. Kathrein

- 4 -