# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY BELTRAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SOS LIMITED, YANDAI WANG, and ERIC H. YAN, <br><br> Defendants. | Civil Action No. 1:21-cv-7454-RBK-EAP <br><br> (Document Filed Electronically) <br><br> **CLASS ACTION** <br><br> Motion Day: November 29, 2022 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS**

Lead Plaintiffs Shawn Ho and William Rodgers ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions: (1) for final approval of the class action settlement (ECF No. 49); and (2) for an award of attorneys' fees, reimbursement of expenses, and an award to Plaintiffs (ECF No. 51). Plaintiffs also submit the Supplemental Declaration of Margery Craig Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated November 14, 2022 ("Supp. Craig Decl."), filed herewith as Exhibit 1, in support of their motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated May 20, 2022 ("Stipulation") (ECF No. 43).

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Plaintiffs, or to opt out of the Settlement Class, was November 8, 2022. To date, **not a single objection** has been filed (timely or otherwise) and there have been no valid requests for exclusion from any Settlement Class Member. Supp. Craig Decl. at ¶¶7-8.

The positive reaction of the Settlement Class strongly supports approval of the Settlement, the Plan of Allocation, and the requested attorneys' fees, expenses, and award to Plaintiffs. The Court should enter the [Proposed] Order and Final

1

Judgment (ECF No. 49-1), the [Proposed] Order Approving Plan of Allocation (ECF No. 49-2), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 51-1).

## I.      The Court-Approved Notice Program

In accordance with the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 47), the Claims Administrator completed a robust notice program that included: mailing and emailing 1,811 letters to Nominee Account Holders and Institutional Groups, mailing 77,724 Postcard Notices to identifiable potential Settlement Class Members, disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the *Investor's Business Daily,* and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Craig Decl. at ¶¶3-6; *See also* Declaration of Margery Craig Concerning (A) CAFA Notice; (B) Mailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections ("Initial Craig Decl.";  ECF No. 53-1, at ¶10). Additionally, four nominees notified the Claims Administrator that they mailed 104 Postcard Notices to their customers, and another nominee informed the Claims Administrator that it emailed 125,855 of their customers informing them of the Settlement and providing direct links to the Notice and Claim. Supp. Craig Decl. at ¶3. Moreover, the Claims Administrator emailed a

link to the Notice and Claim on the Settlement website to the email addresses of 1,323 potential Settlement Class Members provided by Plaintiffs' Counsel. *Id.* To date, a total of 205,006 Postcard Notice and emails to the Notice and Claim have been sent to potential Settlement Class Members. *Id.*

## II.     The Lack of Objections Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expense Request

The lack of objections from the Settlement Class following the extensive notice program confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement[.]"); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *5 (D.N.J. July 29, 2013) ("Lead Counsel did not receive a single objection to the Settlement, nor did Lead Counsel receive any valid requests for exclusion. Given the size of the class, the lack of any objections or exclusions strongly supports approval of the Settlement.").[1]

---

[1] *See also Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that, when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Penn. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and reasonable. '[T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'") (internal citations omitted).

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL 4225828, at *5 (D.N.J. Nov. 28, 2007) (fact that "no class members have objected to the Plan of Allocation or the Settlement" supports approval); *In re Lucent Techs., Inc., Sec. Litig.*, 307 F. Supp. 2d 633, 649 (D.N.J. 2004) ("The favorable reaction of the Class supports approval of the proposed Plan of Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation, which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, and the compensatory award for Plaintiffs, the amounts of which were included in the Notice. *See In re Sterling Fin. Corp. Sec. Class Action*, 2009 WL 2914363, at *2 (E.D. Pa. Sept. 10, 2009) (where there were only two objections to the fee request, "this factor weigh[ed] strongly in favor of approving the requested fee award."); *Par Pharm.*, 2013 WL 3930091, at *11 (awarding lead plaintiff $18,000 under the PSLRA "to compensate it for its reasonable costs and expenses incurred in managing this litigation and representing the Class" where class members were provided notice and "Lead Counsel received no objections."); *Sun v. Han, et al.*, Case No. 2:15-cv-00703-JMV-MF, ECF No. 79, slip op. at 2-3 (D.N.J.

Mar. 9, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $20,000 PSLRA award to Plaintiff where "[t]here were no objections to the request for attorneys' fees or reimbursement of litigation expenses.").[2]

In sum, the lack of objections from the Settlement Class is strong evidence that the Settlement is fair, reasonable, and adequate, the proposed Plan of Allocation of the Settlement proceeds is fair and equitable, and Lead Counsel's fee and expense request is reasonable.

### III. The Lack of Valid Requests for Exclusions Supports Final Approval of the Settlement, Plan of Allocation, and Fee and Expenses Request

As discussed in Plaintiffs' opening papers, the Claims Administrator received two requests for exclusions, both of which were invalid because the requesters did not provide the required information to establish their membership in the Settlement Class, and failed to respond after the Claims Administrator informed them that their requests were invalid without such information. Supp. Craig Decl. at ¶7.

The lack of valid requests for exclusions supports final approval of the

---

2 *See also Elkin v. Walter Investment Management Corp.*, 2018 WL 8951073, at *2 (E.D. Pa. Dec. 18, 2018) (awarding 33⅓% of settlement fund, reimbursement of expenses, and $10,000 PSLRA award to Plaintiff prior to a decision on motion to dismiss, where "[t]here were no objections to the requested Attorneys' Fees and Litigation Expenses."); *Boone v. City of Philadelphia,* 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (single objection to the proposed attorneys' fees "weighs in class counsels' favor."); *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2008 WL 63269, at *4 (E.D. Pa. Jan. 3, 2008) ("A lack of objections demonstrates that the Class views the settlement as a success and finds the request for counsel fees to be reasonable."); *In re Aetna Inc. Sec. Litig.*, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("[T]he Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award.").

Settlement. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

### IV. The Settlement Class's Recovery Based on Claims Filed to Date Supports Final Approval of the Settlement, Plan of Allocation, and the Fee and Expenses Request

The Claims Administrator has provided a preliminary tally of the number and value of the claims filed to date, as shown below:

| Type of Claims | Number of Claims | Dollar Amount of Recognized Losses[3] |
|---|---|---|
| Valid | 2,117 | $3,692,377 |
| Deficient (limited or no proof) | 94 | $243,535 |
| Total for all claims | 2,211 | $3,935,902 |

Suppl. Craig Decl., at ¶9.

As indicated above, to date, the Claims Administrator has received a total of 2,211 claims with Recognized Losses.[4]  Of these claims, 2,117 are valid, representing Recognized Losses in the amount of $3,692,377.  The remaining 94 claims are deficient, meaning that the claimant failed to submit proper

---

3 Per the formula set forth in the Plan of Allocation.

4 Claims typically continue to come in after the claims filing deadline.  These claims will be processed by the Claims Administrator until doing so will delay distribution of the Net Settlement Fund, at which point Lead Counsel will ask the Court to accept all valid claims, as well as those claims that are late, but otherwise valid.

documentation, such as brokerage statements, but will be given the opportunity to provide the information. Deficient claims represent Recognized Losses in the amount of $243,535.[5]

Adding up the Recognized Losses for the valid and deficient claims results in total Recognized Losses in the amount of $3,935,902. This means that - based on the current claims data and the $5 million Settlement Amount and assuming that the deficient claims are cured - Settlement Class Members who submitted timely, valid claims will recover more than 80% of their Recognized Losses, even after deducting the requested attorneys' fees of one-third of the Settlement Fund, litigation expenses, and award to Lead Plaintiffs. This is an excellent result and supports final approval of the Settlement, Plan of Allocation, as well as the requested attorneys' fees, expenses, and award to Plaintiffs.

## V.    Conclusion

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submits that the Court should enter the [Proposed] Order and Final Judgment (ECF No. 49-1), the [Proposed] Order Approving Plan of Allocation (ECF No. 49-2), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 51-1).

---

5 The Claims Administrator also received 3,038 claims with no Recognized Losses. Suppl. Craig Decl. ¶9. Those claims will be rejected.

Dated: November 15, 2022

Respectfully submitted,

*/s/ Laurence M. Rosen*
Laurence M. Rosen
**THE ROSEN LAW FIRM, PA**
One Gateway Center
Suite 2600
Newark, NJ 07102
Tel:  (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

Erica L. Stone
Yu Shi (admitted *pro hac vice*)
**The ROSEN LAW FIRM, P.A.**
275 Madison Ave, 40th Floor
New York, NY 10016
Tel:  (212) 686-1060
Fax: (212) 202-38277
estone@rosenlegal.com
yshi@rosenlegal.com

*Co-Lead Counsel for Co-Lead Plaintiff William Rodgers and the Class*

Reed R. Kathrein (admitted *pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel: (510) 725-3000
reed@hbsslaw.com

*Co-Lead Counsel for Co-Lead Plaintiff Shawn Ho and the Class*

8

James E. Cecchi
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel:  (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for Co-Lead Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen
Laurence M. Rosen